IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,309-03






EX PARTE KYLE DEWAYNE KUPPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 380-81069-02 IN THE 380TH DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
aggravated sexual assault and sentenced to thirty-eight years' imprisonment on each count. The Fifth
Court of Appeals affirmed his convictions. Kupper v. State, No. 05-03-00486-CR (Tex. App.-Dallas
Jan. 14, 2004, pet. ref'd). 

 Applicant contends, among other things, that counsel failed to convey a plea offer of twenty
years that the State made on the afternoon (1) of March 7, 2003. The trial court found that the State did
not make an offer on this date; that because no offer was made, counsel could not have conveyed this
offer; and that Applicant would not have accepted an offer of twenty years had the State made such
an offer. We believe that these findings are not consistent with the record and that the trial court
should make further findings of fact and conclusions of law and resolve inconsistencies in the record. 

 The trial court found that during a pretrial hearing held on March 10, 2003, counsel and the
prosecutor, Deborah Harrison, were referring to a "contemplated offer, not to an actual offer." This
finding is based in part on a sworn affidavit counsel filed in response to Applicant's claim. During
the March 10 hearing, however, neither counsel nor Harrison referred to a "contemplated offer"
made on the afternoon of March 7, 2003. (2)

 The trial court also found that Applicant would not have accepted an offer of twenty years
had the State made such an offer. This finding is based in part on counsel's affidavit. In his affidavit,
counsel stated that Applicant had never indicated that he would take an offer of any kind. According
to counsel, Applicant said, "If I'm going to get time, they are going to have to give it to me." During
the March 10 hearing, however, counsel stated that Applicant had rejected an offer of fourteen years
because he did not have the opportunity to discuss it with his family and friends. "At that time,"
counsel stated, "he [Applicant] turned down the plea bargain until he had the opportunity to think
about it."

 The trial court shall resolve these inconsistencies in the record. The the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 After making further findings, the trial court shall determine whether the counsel's
performance was deficient and, if so, whether his deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the reporter's record
of Applicant's trial shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: September 28, 2011

Do not publish

1. On the record before this Court, Applicant is not arguing that the State made this offer on
the morning of March 7, when Applicant was brought to the courthouse. 
2. In a motion for a continuance filed on March 10, 2003, counsel also did not refer to a
"contemplated offer." Rather, he stated that Harrison told him that the previous offer would be
increased by six years.